IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.:6:13-0013-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Darrell Anthony Cunningham, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Darrell Anthony Cunningham's ("Cunningham") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 203). Cunningham has also filed a motion to appoint counsel (ECF No. 212). The Government filed a motion for summary judgment (ECF No. 215), and Cunningham filed a response opposing the motion. (ECF No. 222). For the reasons set forth below, the Government's Summary Judgment Motion is granted and Cunningham's motions are denied.

## I. Procedural History

On January 8, 2013, Cunningham was indicted with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); carrying, using, and possessing a firearm during and in relation to a drug trafficking crime and in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1)(A). On September 18, 2013, Cunningham pled guilty to conspiracy to distribute cocaine pursuant to a plea agreement. (ECF Nos. 172, 194). On February 27, 2014, he was sentenced to 240 months of imprisonment and five years of supervised release. (ECF No. 196). On September 4, 2014, Cunningham filed this § 2255 motion.

## II. Standard of Review

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the

following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 621-22, (1998). If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689 . With respect to the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

### III. Discussion

In his § 2255 motion, Cunningham raises two grounds for relief: 1) his due process rights were violated by the governments's outrageous conduct of ensnaring him with a fake stash house;

2

and 2) his trial counsel was ineffective in failing to move for a dismissal of the indictment due to the government's outrageous conduct and/or for failing to raise an entrapment defense.

### A. Ground One

In his first ground for relief, Cunningham contends that his due process rights were violated because the government committed outrageous misconduct when it created a fake stash house only for the purpose of obtaining a conviction. In *United States v. Russell*, 411 U.S. 423 (1973), the Court addressed whether a defendant's due process rights were violated when the government created the crime solely to obtain a conviction. The defendant argued that the government's conduct was outrageous based upon an undercover agent's action of supplying a legal, but difficult to obtain, chemical which was necessary to manufacture methamphetamines. The Court rejected the defendant's due process claim stating, in dicta, that:

> some day [the Court] may be presented with such a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction, . . . [but] the instant case is not of that breed.

*Id.*

The Fourth Circuit has specifically acknowledged that a defense based upon outrageous government conduct may be available to a defendant. *United States v. Jones*, 13 F.3d 100, 104 (4th Cir. 1993). However, the Fourth Circuit has also not yet found any facts which would support such a defense. *See United States v. Hasan*, 718 F.3d 338, 343 (4th Cir. 2013)(holding that the doctrine of outrageous government conduct "survives in theory, but is highly circumscribed.").[1]  In *Hasan*, the Fourth Circuit held that "[o]utrageous is not a label properly applied to conduct because it is a

---

[1] While trial courts within the Ninth Circuit have recently found outrageous government conduct in so-called "stash house robbery stings" conducted by the ATF, *see United States v. Roberts*, C/A No. 2:13CR 751 (C.D.Cal. May 30, 2014) and *United States v. Hudson*, 2014 WL 960860 (C.D.Cal. March 10, 2014), the Fourth Circuit has not.

3

sting or reverse sting operation involving contraband." *Id.* at 344. To establish a violation of due process, a defendant must show that the government's conduct violates fundamental fairness or shocks the universal sense of justice. *Russell*, 411 U.S. at 432. *See also Hansen*, 846 F.Supp.2d 541. The Fourth Circuit has consistently held that a due process violation may only be found when the conduct at issue "is outrageous, not merely offensive." *United States v. Goodwin*, 854 F.2d 33, 37 (4th Cir. 1988). More recently, it has been held that an almost identical stash house sting conducted by the government was lawful. *See United States v. Thorne*, C/ANo. 3:13cr293 (W.D.N.C. 2014).

Here, the government presented Cunningham with a criminal opportunity and he accepted it. Cunningham had a criminal history and the government's conduct consisted of offering Cunningham the possibility of receiving $40,000 from the sale of the stolen kilos of cocaine and another $40,000 in cash. The government's conduct was not shocking or offensive to the traditional notions of fundamental fairness. Accordingly, the court finds this ground to be meritless.

**B. Ground Two**

In his second ground for relief, Cunningham contends that his trial counsel was ineffective for failing to move for a dismissal of the indictment based upon the government's outrageous misconduct and/or for failing to raise the defense of entrapment. For the same reasons as set forth above, the court finds the government's conduct was not outrageous and thus trial counsel was not ineffective for failing to move for dismissal.

Further, as to any entrapment argument, an entrapment defense has two elements: the government's inducement and the defendant's lack of predisposition to commit the crime. *See United States v. Daniel*, 3 F.3d 775, 778 (4th Cir.1993). Entrapment is an affirmative defense, and the defendant has the initial burden to "produce more than a scintilla of evidence that the government induced him to commit the charged offense" *Id.*. Then, the burden shifts to the Government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *United States*

4

*v. Jones,* 976 F.2d 176, 179 (4th Cir.1992). "'Inducement' is a term of art: it involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party. Solicitation, by contrast, is the provision of an opportunity to commit a criminal act." *Daniel,* 3 F.3d at 778 (citation omitted).

A showing of mere government solicitation is insufficient to support an entrapment defense because "solicitation by itself is not the kind of conduct that would persuade an otherwise innocent person to commit a crime, or that would be 'so inducive to a reasonably firm person as likely to displace mens rea.'" *Osborne*, 935 F.2d at 38 (citations omitted). Moreover, "predisposition is found from the defendant's ready response to the inducement offered. It is sufficient if the defendant is of a frame of mind such that, once his attention is called to the criminal opportunity, his decision to commit the crime is the product of his own preference and not the product of government persuasion." *Id*. "In summary, an entrapment claim can only prevail whe[n] the Government's deception actually implants the criminal design in the mind of the defendant." *Osborne*, 935 F.2d at 38 (internal quotation marks omitted).

Cunningham has failed to satisfy either element. As to inducement, there is no evidence that law enforcement engaged in excessive overreaching conduct. Rather, the government merely presented a criminal opportunity, which Cunningham elected to pursue. *See Daniel*, 3 F.3d at 778. And Cunningham was willing and even eager to commit the robbery. *See United States v. Hunt,* 749 F.2d 1078, 1085 (4th Cir.1984) ("Predisposition may be found from a defendant's ready response to the inducement offered."). Therefore, his trial counsel was not ineffective for failing to raise entrapment as a defense. Accordingly, Cunningham's claims are without merit.

## IV. Conclusion

For th foregoing reasons, the Government Motions for Summary Judgment (ECF No. 215) is **GRANTED**; and Cunningham's § 2255 Motion (ECF No. 203) and Motion to Appoint Counsel

(ECF No. 212) are **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

January 15, 2015
Anderson, South Carolina